## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CAROLYN JEFFERSON, as Personal Representative for the ESTATE OF DEMETRIUS WILLIAMS and DENEKA HOWARD as guardian of minor D.W. and SHERIKA STEPHENSON as guardian of minors J.W., H.W., and P.W. and LATOYA JOHNSON as guardian of minor A.W.**<br><br>**Plaintiff,**<br><br>v.<br><br><br>**COUNTY OF HARRISON, TEXAS, and**<br><br>**INVESTIGATOR DAVID BARNETTE, and**<br><br>**DEPUTY NELSON VALLE, and**<br><br>**INVESTIGATOR JANSSEN MARANTO, and**<br><br>**INVESTIGATOR KEVIN JOHNSON, and**<br><br>**LIEUTENANT RONALD ENGLAND, and**<br><br>**INVESTIGATOR DAVID NEWSOME**<br><br>200 West Houston Street<br>Marshall, TX 75670<br><br><br>**Defendants.** | **Civil Action No.: 2:21-cv-00440**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Carolyn Jefferson as Personal Representative for the Estate of Demetrius Williams, Deneka Howard as guardian of minor D.W., Sherika Stephenson as guardian of minors J.W., H.W., and P.W. and Latoya Johnson as guardian of minor A.W., Plaintiffs complaining of Defendants the County of Harrison, Texas, Investigator David Barnett, Deputy Nelson Valle, Investigator Janssen Maranto, Investigator Kevin Johnson, Lieutenant Ronald England, and Investigator David Newsome, and for cause would show the Honorable Court as follows:

## NATURE OF THE ACTION

1. On December 5, 2019, Demetrius Williams was shot and killed by Harrison County Sheriff's Officers. Mr. Williams was operating a motor vehicle at the time he was shot and posed no risk of death or serious bodily injury to the officers or citizens in the area of the shooting. Mr. Williams was struck in the head and died an agonizing death.

2. The Defendants' use of lethal force was unreasonable and therefore violated Mr. Williams' rights under the Fourth Amendment of the United States Constitution and Texas Law.

3. Plaintiff's claims are brought against the Harrison County Sheriff's Officers and the County of Harrison pursuant to 42 U.S.C. § 1983 and the Texas Tort Claims Act.

4. For these violations, Plaintiffs seek redress and compensation for damages and the wrongful death of Mr. Williams.

## PARTIES

5. Plaintiff, Carolyn Jefferson id the mother of Demetrius Williams and the personal representative of his estate and is an adult individual and a resident of the state of Texas.

6. Plaintiff Deneka Howard is the mother and guardian of the minor D.W. who is a natural heir of Demetrius Williams and is an adult individual and a resident of the state of Texas.

7. Plaintiff Sherika Stephenson is the mother and guardian of the minor children of the minors J.W., H.W., and P.W. who are natural heirs of Demetrius Williams and is an adult individual and a resident of the state of Texas.

8. Plaintiff Latoya Johnson is the mother and guardian of the minor A.W. who is a natural heir of Demetrius Williams and is an adult individual and a resident of the state of Texas.

9. Defendant Investigator David Barnett was at all relevant times a duly appointed officer with the Harrison County Sheriff's Office Police Department.

10. Defendant Deputy Nelson Valle was at all relevant times a duly appointed officer with the Harrison County Sheriff's Office Police Department.

11. Defendant Investigator Janssen Maranto was at all relevant times a duly appointed officer with the Harrison County Sheriff's Office Police Department.

12. Defendant Investigator Kevin Johnson was at all relevant times a duly appointed officer with the Harrison County Sheriff's Office Police Department.

13. Defendant Lieutenant Ronald England was at all relevant times a duly appointed officer with the Harrison County Sheriff's Office Police Department.

14. Defendant Investigator David Newsome was at all relevant times a duly appointed officer with the Harrison County Sheriff's Office Police Department.

## JURISDICTION AND VENUE

15. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourth Amendment rights of the decedent Demetrius Williams.  Plaintiff further invokes the

supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

16. Venue is proper in this Honorable Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Eastern District of Texas.

## FACTUAL BACKGROUND

17. On December 5, 2019, at approximately 11:00 a.m. the members of the Harrison County Sheriff's Office and the Texas Game Warden set out to execute a search warrant at the home of Mr. Williams on the 600 block of South Allen Street, Marshall Texas.

18. As the officers approached Mr. Williams' home, they encountered Mr. Williams, who was unarmed, in the driver seat of a white minivan in a parking spot along the curb of the street.

19. As the officers approached Mr. Williams' minivan, an explosion went off behind his home.

20. Mr. Williams then reversed his vehicle wand struck a truck parked behind him.

21. No officers were struck or injured when Mr. Williams made contact with the truck.

22. After striking the truck behind him, Mr. Williams endeavored to pull forward out of his parking spot.

23. As Mr. Williams began to pull forward, Investigator David Barnett, Deputy Nelson Valle, Investigator Janssen Maranto, Investigator Kevin Johnson, Lieutenant Ronald England, and Investigator David Newsome discharged their weapons into his vehicle at least 17 times.

24. No officers or citizens were not trapped or vulnerable to injury at the time the officers discharged their firearms.

25. No officers were injured or struck by Mr. Williams' vehicle.

26. The officers were not in reasonable fear of death or serious bodily injury at the time they discharged their firearms because Mr. Williams' vehicle was easily avoidable at the time it left the parking space.

27. The Defendant Sheriff's officers' use of lethal force was unreasonable and unjustified.

28. The firearms used against Mr. Williams were Harrison County issued service weapons.

29. Mr. Williams was struck by the officers' bullets which caused him to lose control of his vehicle.

30. The Defendant Sheriff's unreasonable use of lethal force upon Mr. Williams a caused him pain, agony, and death.

## WRONGFUL DEATH ACTION

31. Plaintiffs hereby bring Wrongful Death claims in the Counts *infra* pursuant to 4 Tex. Civ. Prac. & Rem. § 71.001 et seq. ("the Texas Wrongful Death Statute"), on behalf of all those persons entitled by law to recover damages as a result of the wrongful death of Demetrius Williams.

32. No other action has been brought to recover for Mr. Williams' death under the aforementioned statute.

33. Plaintiffs claim all available damages under the Texas Wrongful Death Statute for financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contribution that the Plaintiff's decedent, Demetrius Williams,

would have rendered to the wrongful death beneficiaries but for his traumatic, untimely and unnatural death.

34. Plaintiffs claim damages for payment for all medical bills and/or expenses.

35. Plaintiffs claim damages for payment of funeral and burial expenses.

**SURVIVAL ACTION**

36. Plaintiff Carolyn Jefferson, Personal Representative of the Estate of Demetrius Williams, deceased, also brings Survival claims in the Counts described *infra* under the Texas Survival Statute, 4 Tex. Civ. Prac. & Rem. § 71.021 et seq. ("the Texas Survival Statute"), for all damages recoverable under the Statute, including but not limited to, loss of income both past and future income potential, as well as, pain and suffering prior to death, and for emotional distress suffered by Plaintiffs' decedent, Demetrius Williams, from the initiation of the assault upon him until the his death.

**COUNT I: 42 U.S.C. § 1983 FOURTH AMENDMENT VIOLATION**

*Plaintiffs v. Investigator David Barnett, Deputy Nelson Valle, Investigator Janssen Maranto, Investigator Kevin Johnson, Lieutenant Ronald England, and Investigator David Newsome*

37. Plaintiffs hereby incorporate all preceding paragraphs as if fully stated herein.

38. The Defendants Investigator David Barnett, Deputy Nelson Valle, Investigator Janssen Maranto, Investigator Kevin Johnson, Lieutenant Ronald England, and Investigator David Newsome intentionally discharged their firearms at Demetrius Williams.

39. The Defendants Investigator David Barnett, Deputy Nelson Valle, Investigator Janssen Maranto, Investigator Kevin Johnson, Lieutenant Ronald England, and Investigator David Newsome were not at risk of serious bodily injury or death at the time they discharged their firearms.\

40. The Defendants Investigator David Barnett, Deputy Nelson Valle, Investigator Janssen Maranto, Investigator Kevin Johnson, Lieutenant Ronald England, and Investigator David Newsome were acting under color of state law.

41. The Defendants Investigator David Barnett, Deputy Nelson Valle, Investigator Janssen Maranto, Investigator Kevin Johnson, Lieutenant Ronald England, and Investigator David Newsome use of lethal force was unreasonable.

42. The Defendants Investigator David Barnett, Deputy Nelson Valle, Investigator Janssen Maranto, Investigator Kevin Johnson, Lieutenant Ronald England, and Investigator David Newsome unreasonable use of force caused Demetrius Williams to suffer extreme and severe pain, agony and death.

**WHEREFORE**, Plaintiffs demand judgment in their favor, and against Defendant Investigator David Barnett, Deputy Nelson Valle, Investigator Janssen Maranto, Investigator Kevin Johnson, Lieutenant Ronald England, and Investigator David Newsome pursuant to 42 U.S.C. § 1983, in an amount in excess of One Million Dollars ($1,000,000) including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, exemplary damages as provided by law, attorneys' fees under 42 U.S.C. § 1985 and 1988, and any other remedies legally appropriate.

## COUNT II – Tex. Civ. Prac. & Rem. Code Ann. § § 101.021 & 101.025
*Plaintiff v. County of Harrison Texas*

43. Plaintiffs hereby incorporate all preceding paragraphs as if fully stated herein.

44. The Defendant Officers discharged their Harrison County issued firearms without justification.

45. The firearms used by the Defendant Officers are the tangible property of the County of Harrison, Texas.

46. Demetrius Williams suffered pain, agony, and death as a result of the use of the County of Harrison's tangible property.

47. If the conduct that caused Demetrius Williams pain, agony and death were engaged in by a private person, Defendants would be liable under Texas Law.

48. Plaintiff would show specifically, the Defendant Officers used their Harrison County issued firearm and recklessly discharged them and struck Demetrius Williams.

49. Plaintiff would show such actions of the Defendant Officers, were they private persons, would be liable to Plaintiff under Texas Law.

   **WHEREFORE**, Plaintiff demands judgment in his favor, and against Defendant County of Harrison, Texas pursuant to Texas Law in an amount of One Million Dollars ($250,000) and any other remedies legally appropriate.


   Respectfully submitted,


   /s/ *John J. Coyle*
   John J. Coyle, Esq.
   123 S. Broad Street, Suite 2250
   Philadelphia, PA 19109
   (215) 545-8800
   (215) 545-8805 (fax)
   jcoyle@mceldrewyoung.com


   /s/ *Mark V. Maguire*
   Mark V. Maguire, Esq.
   123 S. Broad Street, Suite 2250
   Philadelphia, PA 19109
   (215) 545-8800
   (215) 545-8805 (fax)
   mmaguire@mceldrewyoung.com
   pro hac vice motion forthcoming